**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID CUTHBERT | : | |
| | | Civil Action No. 05-3830 (FLW) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| WARDEN JOHN NASH, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| David Cuthbert | Dorothy Donnelly |
| #57005-066 | Asst. U.S. Attorney |
| F.C.I. Fort Dix | 402 East State St., Room 430 |
| P.O. Box 2000 | Trenton, New Jersey 08608 |
| Fort Dix, New Jersey 08640 | |

**WOLFSON**, District Judge

     Petitioner David Cuthbert, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden John Nash.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from the submissions of the parties that this Court does not have jurisdiction over Petitioner's claim regarding his sentence, the Court will transfer the case to the proper jurisdiction.  Petitioner's claim regarding credits will be denied.

## BACKGROUND

On October 20, 2003, Petitioner was sentenced to 41 months imprisonment in the United States District Court for the Eastern District of Pennsylvania after a conviction for conspiring to commit interstate transportation of stolen goods, and aiding and abetting.  The judgment and commitment order states: "Sentence of 41 months shall be served consecutively to any sentence imposed in Nevada or any other jurisdiction."

Subsequently, on December 2, 2003, Petitioner was sentenced in Nevada state court to 60 months imprisonment for burglary charges.[2]

---

[2] Specifically, on May 18, 2002, Petitioner was arrested in Nevada on burglary charges stemming from the same incident for which he is currently incarcerated.  He remained in a detention center in Nevada until December 5, 2002, when he was taken into federal custody on Writ of Habeas Corpus Ad Prosequendum.  While in federal custody, he was sentenced on October 20, 2003 to 41 months imprisonment by the United States District Court, Eastern District of Pennsylvania.  On November 18, 2003, he was returned to Nevada to face the state charges.  On December 2, 2003, he was sentenced in state court to 60 months imprisonment.  On June 14, 2004, Petitioner was paroled from his state sentence and taken into federal custody to begin his 41-month federal sentence.

Petitioner argues that his federal sentence was improper because the judge ordered that his federal sentence be served consecutively to his state sentence; however, his state sentence had not yet been imposed.  Petitioner also argues that he should receive credit for 17 months from December 5, 2002 (the date he was released to federal custody on a writ) until June 14, 2004 (the date he was paroled from his state sentence and received in federal custody).

## **ANALYSIS**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, <u>United States v. Wilson</u>, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of

      imprisonment for any time he has spent in official
      detention prior to the date the sentence commences-

          (1) as a result of the offense for which the
          sentence was imposed; or

          (2) as a result of any other charge for which
          the defendant was arrested after the
          commission of the offense for which the
          sentence was imposed;

      that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

     With regard to Petitioner's claim that he has been denied credit from December 7, 2002 through June 14, 2004, Respondent has produced a declaration from Robert Mayer, the Inmate Systems Manager at F.C.I. Fort Dix, which declares that records from Nevada demonstrate that Petitioner received credit towards his state sentence during this time. Therefore, according to § 3585, he is not entitled to credit on his federal sentence for this time.[3] This claim will be denied.

     "Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to

---

     [3] Respondent notes that: "Here upon further inquiry of the state, the Bureau has determined that Petitioner is entitled to credit of 26 days from May 18, 2002 through June 12, 2002. The Bureau has credited this time to his sentence, and notified the petitioner." No further explanation as to this newly awarded credit has been provided.

cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges.  See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F. Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000).  Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so").  Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).

In United States v. Randolph, the Court of Appeals for the Third Circuit noted that there is a split of authority among the courts of appeals as to whether a district court may order a sentence run *consecutively* to a state sentence not yet imposed.[4]  See 80 Fed. Appx. 190, 193 (3d Cir. 2003)(unpubl.)(collecting cases; citations omitted); see also United States v. Rosario, 134

---

[4] This issue is currently the subject of a petition for a writ of certiorari in the United States Supreme Court.  See Cox v. United States, 2005 WL 2507686 (Oct. 5, 2005).

5

F. Supp.2d 661, 667 n.5 (E.D. Pa. 2001).  The Third Circuit found that in Randolph's case, assuming the district court did *not* have the authority to impose its sentence to run consecutively to a not yet imposed state sentence, there was no plain error, since it would not effect the amount of time to be served by Randolph. See id. at 196.

Respondent argues that the Bureau of Prisons is correctly computing the sentence according to the judgment of conviction imposed by the Eastern District of Pennsylvania.  Respondent states: "While the Petitioner raises points to which we may be sympathetic, the law does not permit either this court or BOP to revise the sentence imposed.  The sentencing court presumably took the Petitioner's criminal activity and personal data into account in determining to impose a consecutive sentence despite the failure of the state court to have imposed its sentence.  BOP has effectuated the sentence imposed without error."[5]  (Answer, p. 11).

---

[5] As Respondent admits that the BOP is not permitted by law to revise the sentence imposed, this Court will reject Respondent's argument that the Petition should be dismissed for failure to exhaust administrative remedies, since such exhaustion would therefore be futile.  See Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where "the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Despite the fact that Petitioner may have presented viable arguments in this Petition, this Court is without jurisdiction to correct his sentence.  A motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).  According to Petitioner, he has not yet filed a § 2255 motion in the district of conviction.  (Petition, ¶ 11).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

In this case, the Court will order the Clerk of the Court to transfer this claim to the district of conviction, the Eastern District of Pennsylvania, for treatment as a motion under 28 U.S.C. § 2255.  This Court asserts no opinion as to the merits of Petitioner's sentencing claim in a § 2255 motion.

**CONCLUSION**

For the reasons set forth above, Petitioner's claim regarding credit will be denied.  Petitioner's claim regarding his sentence will be transferred, and the Clerk of the Court will be ordered to close this case.  An appropriate order follows.

                                        s/Freda L. Wolfson
                                        Freda L. Wolfson
                                        United States District Judge

Dated: January 3, 2006